IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; LES PROTEAU and CHARLES DEL MONTE, TRUSTEES,<br><br>Plaintiffs,<br><br>v.<br><br>SAINZ DRYWALL, INC., a California corporation, *fka* SAINZ DRYWALL INTERIORS; and RANDY ANTHONY SAINZ, individually,<br><br>Defendants. | Case No.: C11-4937 YGR (JSC)<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiffs the Joint Board of Trustees of the Bay Area Painters and Tapers Pension Trust Fund, including the Bay Area Painters and Tapers Pension Trust Fund Annuity Plan; District Council 16 Northern California Health and Welfare Trust Fund; and District Council 16 Northern California Apprentice and Journeyman Training Trust Fund (collectively, "Plaintiffs") bring a Motion for Default Judgment. Plaintiffs seek to compel payment of any unpaid contributions, liquidated damages, interest, and attorneys' fees and

1   costs.  This matter was referred to the undersigned Magistrate Judge for a report and
2   recommendation on Plaintiffs' Motion for Default Judgment.
3        Plaintiffs' Motion for Default Judgment includes a request for $58,103.06 in unpaid
4   contributions, $11,620.62 in liquidated damages, $2,416.43 in interest, $8,494.00 in
5   attorneys' fees (through June 19, 2012), $595.73 in costs (through April 10, 2010), and
6   $1,080.00 in additional estimated attorneys' fees (collectively "Amount Requested").  (Dkt.
7   No. 24 at 6.)  In the chart detailing these amounts Plaintiffs include three line items for
8   payments made on the delinquent contributions.  (Id.)  These three payments include: (1)
9   $1,000.00 paid by Defendant Sainz Drywall on November 30, 2011, (2) $11,346.79 paid by
10  ZCON Builders on January 11, 2012, and (3) $11,799.14 paid by Sequoia Pacific on April
11  16, 2012 (collectively "Payments").  (Id.)  In the chart, Plaintiffs subtract the sum amount of
12  Payments from the total sum of the Amount Requested; however, Plaintiffs do not explain
13  whether or how the Payments were factored in the interest calculations.  The Court needs to
14  understand the interplay between the deductions and Plaintiffs' interest calculations, and
15  whether Plaintiffs deducted the accrued interest on a pro rata basis once the deductions were
16  made.
17       Without this information the record provides an insufficient basis for determining a
18  reasonable award.  Accordingly, within 7 days from the filing date of this Order, Plaintiffs
19  shall submit a declaration supporting the Amount Requested, detailing if and how the
20  Payments were factored into their interest calculations.
21       Additionally, in their Complaint, Plaintiffs pray for "an order compelling Defendants
22  to submit to an audit of their payroll records upon demand from Plaintiffs."  (Dkt. No. 1 at
23  7.)  However, Plaintiffs make no mention of an audit in their Motion for Default Judgment.
24  Accordingly, within 7 days from the filing date of this Order, Plaintiffs shall supplement
25  their motion for default judgment clarifying whether they are seeking an audit.  If Plaintiffs
26  do not file a supplemental statement, the Court will assume that Plaintiffs are no longer
27  seeking an audit since no reference to an audit was included in the Motion for Default
28  Judgment.

Upon receipt of Plaintiffs' declaration supporting their request for damages and any supporting documentation, the Court will take Plaintiffs' Motion for Default Judgment under submission.

Plaintiffs shall serve a copy of this Order on Defendants within three days and shall file a proof of service with this Court.

**IT IS SO ORDERED.**

Dated: July 26, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE